IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JAMES ELLIS MEANS,

   Petitioner,

vs.            CIVIL ACTION NO.: CV206-011

JOSE VASQUEZ, Warden,

   Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner James Ellis Means ("Means"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Means filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Means was convicted after a jury trial in the Northern District of Alabama of: conspiracy, in violation of 21 U.S.C. § 846; distribution of controlled substances, in violation of 21 U.S.C. § 841(a)(1); use of a communication facility, in violation of 21 U.S.C. § 843(b); maintaining a place to distribute controlled substances, in violation of 21 U.S.C. § 856; distribution of controlled substances near a school, in violation of 21 U.S.C. § 860; and using or carrying a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). Means was sentenced to life imprisonment on three counts, 480 months' imprisonment on one count, and 48 months' imprisonment on five counts, all to be served

AO 72A
(Rev. 8/82)

concurrently. Means was also sentenced to five years' imprisonment on the firearms count, to be served consecutively to his other sentences. Means filed an appeal, and the Eleventh Circuit Court of Appeals affirmed his convictions and sentences. United States v. Means, 156 F.3d 85 (11th Cir. 1998).

Means filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 with the Northern District of Alabama; he filed an amendment over one year later. The trial court denied Means' motion, and the Eleventh Circuit denied him a certificate of appealability.

In the instant petition, Means asserts that his Fifth and Sixth Amendment rights were violated during the trial of his case. Means contends that the jury did not find him responsible for any quantity of drugs. Means also contends that the jury did not find that he occupied a managerial role in the conspiracy, which was a fact used to enhance his sentence. Means alleges that he is entitled to his requested relief based on the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), because this case "did nothing more than apply settled precedent." (Mem., p. 6.)

Respondent avers that Means' petition fails for two (2) reasons and should be dismissed. First, Respondent contends that Means has not shown that he is entitled to use section 2255's savings clause to proceed under § 2241. Second, Respondent contends that Booker does not apply retroactively to cases on collateral review. (Mot., p. 3.)

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, a petition collaterally attacking a conviction is filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363,

2

AO 72A
(Rev. 8/82)

1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255, ¶ 5 (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[1]

Means has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. He asserts that the remedy afforded under section 2255 is inadequate or ineffective to challenge the legality of his detention because the trial court did not allow him to amend his section 2255 motion to allow him to raise a claim based on the Supreme Court case of Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed.2d 435 (2000). Means contends that he was entitled to raise an Apprendi-based claim because of the decision in Dodd v. United States, 545 U.S. 353, 125 S. Ct. 2478, 162 L. Ed. 2d 343 (2005).

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

AO 72A
(Rev. 8/82)

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and petitioner is barred from filing successive petition); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where petitioner was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 petition or unreasonably delayed consideration of petition); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Means bases the claims set forth in his petition on the Supreme Court's decisions in Booker and Dodd. However, the Supreme Court has not made its decision in Booker retroactively applicable to cases on collateral review to allow for the filing of a second or

4

successive section 2255 motion. See In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004). Means was sentenced in the Northern District of Alabama on May 29, 1996, and the Eleventh Circuit Court of Appeals affirmed his convictions and sentences on August 7, 1998. Booker was decided on January 12, 2005. To allow Means to have his requested relief pursuant to Booker would constitute a "new rule" under Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed.2d 334 (1989).

Means has failed to establish that his claims are based on a retroactively applicable Supreme Court decision or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. Simply because the trial court and the Eleventh Circuit denied Means' previously filed pleadings does not render section 2255's remedy inadequate or ineffective. Means has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244. Means cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Means is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

Additionally, Dodd does not provide Means with any support for his position. While the Supreme Court found that an applicant has one year from the date on which the right he asserts was initially recognized by the Supreme Court to file a section 2255 motion, pursuant to ¶6(3) of that statute, this right must be newly recognized *and* have been made retroactively applicable to cases on collateral review. Dodd, 545 U.S. at ___, 125 S. Ct. at 2482. To the extent that Williams asserts that Booker entitles him to his requested

relief, this assertion is without merit. Even assuming <u>Booker</u> provides habeas petitioners with a newly recognized right, as previously discussed, the Eleventh Circuit has determined that <u>Booker</u> does not apply retroactively to cases on collateral review. <u>See Varela v. United States</u>, 400 F.3d 864, 867 (11th Cir. 2005). Thus, the statute of limitation period provided by § 2255, ¶6(3) is inapplicable to Means' petition, as both conditions announced in <u>Dodd</u> have not been met.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 4) be **GRANTED**. Means' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, should be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 12th day of July, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE