IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JAMES ELLIS MEANS,

    Petitioner,

vs.      CIVIL ACTION NO.: CV206-011

JOSE VASQUEZ, Warden,

    Respondent.

## ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Means asserts that he has satisfied the savings clause of 28 U.S.C. § 2255. Means contends that his claims are based on the decision in In re Winship, 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970), which he alleges is retroactively applicable. Means also contends that he was convicted of a non-existent offense and that circuit law foreclosed his claims at the time he could have raised them. Winship is not retroactively applicable to cases on collateral review; moreover, Means cites no case which establishes his contention as true.

Means avers that the Magistrate Judge misinterpreted the Supreme Court's decision in Dodd v. United States, 545 U.S. 353, 125 S. Ct. 2478, 162 L. Ed. 2d 343 (2005). The

AO 72A
(Rev. 8/82)

Magistrate Judge's interpretation of the Dodd case is legally sound, and Means' averment to the contrary is without merit.

Means next contends that he is actually innocent of committing the offense for which he received a life sentence because the jury did not find him guilty of this offense. Means also contends that dismissing his petition on procedural grounds rather than reviewing the merits of his petition would result in a fundamental miscarriage of justice. Means does not satisfy section 2255's savings clause; therefore, it is unnecessary to address Means' actual innocence claims. See Wofford v. Scott, 177 F.3d 1236, 1244 n.3 (11th Cir. 1999) (stating that, upon a showing that the savings clause applies to open the portal to a 28 U.S.C. § 2241 proceeding, the proper inquiry in a § 2241 proceeding is whether the petitioner can establish actual innocence of the crime for which he was convicted). Means' fundamental miscarriage of justice assertion is equally unavailing.

Finally, Means asserts that the United States Supreme Court has granted certiorari in Burton v. Waddington, Case Number 05-9222. Means alleges that the Burton case raises the issue of whether Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), announced a new rule and whether this rule is retroactively applicable to cases on collateral review. Means asks that the Court stay his case pending a decision in Burton. This Court is not inclined to stay the proceedings in this case. The Supreme Court of the United States recently granted certiorari in Burton, and it is not known when the Supreme Court will render a decision in that case.

Means' Objections are without merit. The Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court. Respondent's Motion to Dismiss (Doc. No. 4) is **GRANTED**. Means' petition for writ of habeas corpus, filed pursuant to 28

U.S.C. § 2241, is **DISMISSED**. The Clerk of Court is hereby authorized and directed to enter an appropriate Judgment of Dismissal.

**SO ORDERED**, this 14th day of August, 2006.

*[signature]*
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)